FILED

MAR 23 2001

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) CRIMINAL NO. 01-30035-01 DRH | |
| vs. ) | |
| ) | |
| EXIDE ILLINOIS, ) | |
| a wholly owned subsidiary of the ) | |
| Exide Corporation, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by its counsel, W. Charles Grace, United States Attorney for the Southern District of Illinois, Miriam F. Miquelon and Hal Goldsmith, Assistant United States Attorneys for the Southern District of Illinois, and the Defendant, Exide Illinois, by its attorney, Laurence A. Urgenson, hereby notify the Court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(e)(1)(C) has been negotiated and entered into:

1.    Exide Illinois [hereinafter "Exide"], agrees to waive indictment and venue and will plead guilty through an authorized representative to Count One of the Information, a copy of which is attached hereto as Exhibit A. Exide is a wholly owned subsidiary of Exide Corporation [hereinafter "Corporation"] doing business in Illinois and elsewhere. Exide Corporation's principal place of business is Reading, Pennsylvania.

2.    The Information charges Exide in Count One of violating Title 18, United States Code, Section 371, which statute carries a maximum penalty of 5 years probation, or a $500,000

1

fine, or both. Exide is alternatively liable for a fine under Title 18, United States Code, Section 3571(d) which states:

> If (the defendant) derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Exide agrees to plead guilty to Count One of the Information. The parties agree that a review of all the evidence would result in a determination that the gross gain to the Corporation and its wholly owned subsidiaries, including Exide, was at least twenty-seven million five hundred thousand dollars ($27,500,000), thus resulting in a maximum alternative fine under 18 U.S.C. § 3571(d) of twenty-seven million five hundred thousand dollars ($27,500,000). Exide affirmatively states that it has sufficient assets, to be provided by the Corporation, to pay this fine according to the "Installment Payment Terms" set forth hereinbelow and in the Judgment of Conviction, and that the Corporation has obtained and received the approval of its Board of Directors to pay the subject fine on behalf of the Corporation's wholly owned subsidiary, Exide Illinois. Both Exide and the Corporation agree that the Corporation shall be wholly and principally liable for the payment of the subject criminal fine and the Corporation also guarantees the payment of the criminal fine on behalf of Exide Illinois.

Installment Payment Terms

The Corporation shall pay the following annual fine amounts on a quarterly basis, on the first day of each quarter beginning after the date that the Judgment of Conviction is entered provided, however, that the total criminal fine of twenty-seven million five hundred thousand dollars ($27,500,000) shall be paid in full before the expiration of the term of probation:

|        |              |
|--------|--------------|
| Year 1 | $3 million   |
| Year 2 | $4 million   |
| Year 3 | $5.5 million |
| Year 4 | $7 million   |
| Year 5 | $8 million   |

3.      The Government and Exide have agreed to recommend to the Court that a proper disposition of this matter is the payment of a criminal fine by Exide, as guaranteed by the Corporation of twenty-seven million five hundred thousand dollars ($27,500,000), which is to be paid during the specified period of probation as set forth in the Installment Payment Terms and the Judgment of Conviction. Exide also agrees to pay the assessment of $400 as required by 18 U.S.C. § 3013(a)(2)(B) (for offenses committed after April 24, 1996).

4.      The Government and Exide have agreed that the disposition of this matter shall include a period of five years probation.

5.      Provided the sentence imposed in this case does not exceed the recommendation set forth in paragraph 3 herein, Exide waives its right to appeal the sentence imposed, to challenge that sentence in any collateral proceeding, or to seek reduction of the sentence under Rule 35 of the Federal Rules of Criminal Procedure in exchange for the concessions made in this plea agreement.

6.      Conditioned on Exide's compliance with all terms of this Plea Agreement, the United States agrees that it will not prosecute any other criminal charges against Exide or the Corporation for any matter relating to the contract between Exide and Sears, Roebuck & Co. and/or any other matters currently known to the government as a result of its investigation.

I.

7. Defendant will cooperate fully with the United States. Defendant agrees and acknowledges that its obligation to cooperate requires it to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding arising out of this investigation. This cooperation includes waiving its attorney-client privilege and attorney work product privilege as to witness statements of current and former employees. Defendant also agrees and acknowledges that it will make all reasonable efforts to encourage employees to provide complete and truthful testimony before any grand jury or any trial proceeding arising from the subject matter of this investigation, now or in the future. Furthermore, Defendant understands that this agreement requires it to testify concerning all criminal activity about which it knows, whether or not Defendant was itself involved.

8. Defendant also agrees and acknowledges that its obligation to cooperate requires it, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which it knows. Defendant agrees that any such information it provides law enforcement agencies will be complete and truthful.

9. Besides the foregoing, Defendant will do all things deemed reasonably necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which Defendant is involved or about which it knows arising out of this investigation.

10. Defendant further agrees that its obligation to cooperate includes providing information concerning its knowledge of criminal activity in the Southern District of Illinois, and elsewhere, including but not limited to all federal districts.

11. The United States will inform the Court of the extent of Exide's cooperation; however, Exide understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that except as provided under Rule 11(e)(1)(C), it will not be able to withdraw its plea of guilty, once entered.

12. Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so. A duly executed resolution of the Board of Directors of Exide approving this Plea Agreement is attached hereto as Exhibit B.

13. In conjunction with the provisions of paragraphs 7, 8, 9, and 10, above, Defendant specifically agrees and acknowledges that if it fails to comply with any reasonable request for cooperation, or does not cooperate fully or does not testify truthfully before the Grand Jury or at any trial in any federal district where a duly authorized representative is called by the United States as a witness, then the United States is completely released from any obligation arising from this agreement and Defendant is subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, will be grounds for Defendant to withdraw its plea.

14. Defendant acknowledges that it has been advised and does fully understand the following:

    (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b) that it has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it, and may, as a corporation, have the right not to be compelled to incriminate itself;

(c) that if it pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

(d) that if it pleads guilty, the Court may ask its representatives questions about the offense to which it has pleaded, and if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it or its representatives in a prosecution for perjury or false statement; and,

(e) that if it pleads guilty, it will waive its right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

15. Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between Exide Illinois and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce it to enter into this Plea Agreement and Stipulation of Facts.

16. Defendant understands that this offense is subject to provisions and guidelines of the Sentencing Reform Act of 1984 (Ch. II of the Comprehensive Crime Control Act of 1984, Public Law 98-173, Oct. 12, 1984), Title 28, United States Code, Section 994(a).

17. Defendant states that its representative has read this agreement and has discussed the agreement with its attorneys, and understands it.

18. Defendant understands and agrees that if Exide and/or the Corporation, through its officers, senior managers and/or directors, commit any offense in violation of federal, state, local law or violate any term or condition of this agreement, then the Government is not bound by the provisions in this plea agreement and may request that the Court impose on Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the

conditions of probation. No action taken or recommendation made by the Government pursuant to this paragraph will be grounds for Defendant to withdraw its plea.

19.  This Plea Agreement may be executed in more than one counterpart, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

20.  This Plea Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

21.  No additional promises, agreements, or conditions other than those referenced in this Plea Agreement will be entered unless in writing and signed by all parties.

II.

No matters are in dispute.

W. CHARLES GRACE
United States Attorney
Southern District of Illinois

_____
EXIDE ILLINOIS, a wholly owned
subsidiary of Exide Corporation
Defendant
through its representative

_____
MIRIAM F. MIQUELON
Assistant United States Attorney

_____
EXIDE CORPORATION,
a corporation, through its representative

_____
HAL GOLDSMITH
Assistant United States Attorney

_____
LAURENCE A. URGENSON
Attorneys for Defendant

Date: 3/23/01

Date: 3/23/01

7

## EXIDE CORPORATION

### Secretary's Certificate

I, John R. Van Zile, Secretary of Exide Corporation (the "Corporation") hereby certify that at a March 15, 2001 telephonic meeting of the Corporation's Board of Directors (the "Board"), the Board adopted and approved the following resolutions:

**WHEREAS**, the government has conducted an investigation of the Corporation.

**WHEREAS**, Exide Illinois, Inc., a Pennsylvania corporation qualified to do business in the State of Illinois, is a wholly owned subsidiary of the Corporation.

**NOW THEREFORE, BE IT RESOLVED,** that the officers of Exide Illinois, Inc., are hereby authorized, upon completion of satisfactory negotiations, to enter into and execute, on behalf of Exide Illinois, Inc., a Stipulation of Facts and a Plea Agreement for the purpose of resolving all criminal charges against the Corporation regarding or related to the government's investigation of the Corporation;

that the officers of Exide Illinois are further authorized to represent that the statements contained in the Stipulation of Facts are true and accurate;

that the Corporation will provide sufficient assets to Exide Illinois to pay a fine of $27.5 million; and

that the Corporation is wholly and principally liable for the $27.5 million fine to be paid by Exide Illinois and guarantees its payment.

Dated: March 23, 2001

John R. Van Zile, Secretary

## EXIDE ILLINOIS, INC.

### UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

The undersigned, being all of the directors of Exide Illinois, Inc. (the "Corporation"), a Pennsylvania Corporation, do hereby consent and agree, in accordance with the Pennsylvania Business Corporation Law of 1988, to the adoption of the following resolutions:

**RESOLVED,** that there shall be one director of the Corporation until such number shall be changed in accordance with the Amended Articles of Incorporation and the Bylaws of the Corporation;

**FURTHER RESOLVED,** that pursuant to the authority granted to the directors by Section 501 of Article V of the Corporation's Bylaws, all individuals currently serving as officers of the Corporation are hereby removed; and

**FURTHER RESOLVED,** that the following individual shall serve as an officer of the Corporation, in the capacities stated and at the pleasure of the Board of Directors:

John R. Van Zile    President, Treasurer and Secretary

**IN WITNESS WHEREOF,** the undersigned directors have duly executed this Unanimous Written Consent this 19 day of March, 2001.

_____    _____
Kevin R. Morano            John R. Van Zile

## EXIDE ILLINOIS, INC.

### ACTION OF THE SOLE STOCKHOLDER

The undersigned, being the sole stockholder of Exide Illinois, Inc. (the "Corporation"), a Pennsylvania Corporation, hereby consents to the following actions in accordance with the Pennsylvania Business Corporation Law of 1988 to have the same force and effect as if taken at a duly convened meeting of the sole stockholder:

**RESOLVED,** that all individuals currently serving as directors of the Corporation are hereby removed from their positions as directors;

**FURTHER RESOLVED,** that John R. Van Zile shall serve as the sole director of the Corporation.

**IN WITNESS WHEREOF,** the undersigned has executed this document as of the 19 day of March 2001.

EXIDE CORPORATION

By: _____
John R. Van Zile

**Kevin R. Morano**
10 Woodmere Way
Pennington, NJ 08534

March 19, 2001

To whom it may concern:

I hereby respectfully resign from my positions as both a director and an officer of Exide Illinois, Inc., effective immediately.

Sincerely,

*[signature]*

Kevin R. Morano